IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE MARTINEZ; and ERIN MARTIN,
individually and on behalf of other similarly
situated individuals.

       Plaintiffs,

v.                                                                             CV 19-0004 JHR/KK

PROGRESSIVE PREFERRED INSURANCE
COMPANY; PROGRESSIVE CLASSIC
INSURANCE COMPANY; PROGRESSIVE
CASUALTY INSURANCE COMPANY;
PROGRESSIVE MAX INSURANCE
COMPANY; PROGRESSIVE DIRECT
INSURANCE COMPANY; PROGRESSIVE
ADVANCED INSURANCE COMPANY;
PROGRESSIVE SPECIALTY INSURANCE
COMPANY; and PROGRESSIVE
NORTHERN INSURANCE COMPANY,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Opposed Motion to Stay [Doc. 18], filed February 1, 2019, and Defendants' 12(b)(6) Motion to Dismiss, Alternative Motion to Certify Questions to the New Mexico Supreme Court, and Brief in Support [Doc. 19], filed February 8, 2019.[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b) the parties have consented to the undersigned magistrate judge to preside over this case and enter final judgment. [*See* Docs. 14, 15]. Having considered the parties' respective response and reply briefs, as well as the notices of

---

[1] The Court will address Defendants' Motion to Dismiss and Alternative Motion to Certify notwithstanding its failure to seek Plaintiffs' concurrence as required by Local Rule 7.1(a). *See* D.N.M.LR-Civ. 7.1(a). While Plaintiffs correctly argue that the Court could summarily deny Defendants' Motion, [*see* Doc. 24, p. 29], the Court may waive the Local Rules to avoid injustice. *See* D.N.M.LR-Civ. 1.7. Where, as here, the parties have fully briefed Defendants' Motion, the Court sees little utility in denying the Motion as a matter of procedure. However, Defendants are instructed to seek Plaintiffs' concurrence as required by Local Rule 7.1(a) before filing future motions.

1

supplemental authority filed pursuant to Local Rule 7.8 [Docs. 21, 25, 31, 32, 33, 34], the Court **grants** Plaintiffs' Motion to Stay these proceedings pending the New Mexico Supreme Court's decision in *Crutcher v. Liberty Mutual Insurance Company*, CV 18-0412 JCH/LF, and **denies** Defendants' Motion to Dismiss and Alternative Motion to Certify, for the reasons set forth below.

I) **BACKGROUND**

Plaintiffs Diane Martinez and Erin Martin were both insured by the Progressive Defendants during the relevant time period. [Doc. 17, pp. 3, 7]. Ms. Martin's policy provided liability coverage for one vehicle in the amount of $25,0000.00 per person, $50,000.00 per accident (New Mexico's minimum required liability insurance limit) and also purportedly provided uninsured and underinsured motorist coverage in the amount of up to $25,000.00 per person, $50,000.00 per accident. [*Id.*, p. 3]. Ms. Martinez' policy also provided for liability coverage in the amount of $25,000.00 per person, $50,000.00 per accident, but she has three vehicles; thus, her policy also provided for uninsured and underinsured motorist coverage in the amount of $25,000.00 per person, $50,000.00 per accident, stackable for total uninsured and underinsured motorist coverage in the amount of up to $75,000.00 per person, $150,000.00 per accident. [*Id.*, p. 7].

Both Plaintiffs were injured in automobile collisions. [*Id.*, pp. 5, 9]. Neither were determined to be at fault, [*id.*], and both were injured by drivers who maintained New Mexico's minimum required liability insurance limits of $25,000.00 per person, $50,000.00 per accident. [*Id.*, pp. 6, 10]. Both received $25,000.00, the full extent of liability coverage, from the tortfeasors' insurers. [*Id.*]. However, both suffered damages in excess of this amount. [*Id.*]. Accordingly, both then turned to their own insurers - the Progressive Defendants - for additional compensation. [*Id.*]. Both claims were denied as to the first $25,000.00, because the Progressive Defendants deducted from the coverage they owed Plaintiffs the amount paid by the tortfeasors' insurers. [*Id.*, pp. 7,

11]. This left Ms. Martin, who only had one vehicle insured by the Progressive Defendants, with nothing other than her recovery from the tortfeasor, and Ms. Martinez with a total of only $50,000.00 in available underinsured motorist benefits. [*Id.*].

Plaintiffs now bring this putative class action case against the Progressive Defendants, asserting that the first $25,000.00 of their purported uninsured motorist benefits were illusory. [*Id.*]. They seek to represent the following class:

> All persons … who paid a premium for an (sic) underinsured motorist coverage on a policy that was issued or renewed in New Mexico by Progressive and that purported to provide the statutorily require UM/UIM minimum limits of $25,000 per person/$50,000 per accident, but which effectively provides no underinsured motorists (sic) coverage, because of the statutory offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985).

[*Id.*, p. 11].

This is not the first case of its kind. While the parties were briefing the instant Motions, District Judge Herrera certified, and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

*See Crutcher v. Liberty Mutual Insurance Company*, CV 18-0412 JCH/LF, Doc. 53 (Certification to the New Mexico Supreme Court), Doc. 55 (Order Accepting Certified Question). As Judge Herrera explained in her Certification Order, a series of federal cases have been filed in the wake of District Judge Browning's decision in *Bhasker v. Kemper Cas. Ins. Co.*, CV 17-0260 JB/JHR, where the Court "made an [*E*]rie judgment that under New Mexico law Ms. Bhasker plausibly alleged that an insurer sold her illusory UIM coverage when it sold her UM/UIM coverage at the

3

minimum level." CV 18-0412 JCH/LF, Doc. 53, p. 7. Following the New Mexico Supreme Court's acceptance of the certified question in *Crutcher*, District Judge Vazquez subsequently stayed the proceedings in *Thaxton v. GEICO Advantage Ins. Co.*, CV 18-0306 MV/KK, and concluded that the defendants' motion to certify in that case was rendered moot. Chief District Judge Johnson followed suit in *Schwartz v. State Farm Mutual Automobile Ins. Co.*, CV 18-0328 WJ/SCY, after determining that the certified question is substantially similar to the question the defendants in that case sought to certify. *See id.*, Doc. 55, p. 4. Chief Judge Johnson also denied additional certification on the grounds that he would be able to address the second proposed certified question in that case once the New Mexico Supreme Court responded to the certified question in *Crutcher*. *Id.*, p. 6.

Plaintiffs now move the Court to enter a stay in this case until the New Mexico Supreme Court answers the certified question in *Crutcher*. [*See generally* Doc. 18]. Defendants generally oppose a stay, arguing in their Motion to Dismiss that this Court should determine that the coverage they provided to both Plaintiffs was not illusory. [*See* Doc. 19, p. 3 (Defendants argue that both claims are barred, positing that "[t]he numbers are different, but the methodology is the same. Progressive did exactly what *Schmick* instructs, and following the law cannot be unlawful as Plaintiffs claim.")]. That said, in the event that this Court is inclined to stay the case, Defendants ask the Court to certify two questions to the New Mexico Supreme Court. As to Ms. Martin, Defendants ask the Court to certify the following question:

> Where a tortfeasor's minimum auto liability insurance limits are the same as an injured driver's minimum UM/UIM limits such that the tortfeasor is not "underinsured" under N.M.S.A. § 66-5-301(B), does the non-occurrence of the covered risk of being hit by an "underinsured" driver create "illusory" UIM coverage even though the risk of being hit by an "underinsured" driver is covered when it occurs?

4

[Doc. 19, p. 25]. Asserting that Ms. Martinez' factual situation is distinct from Ms. Martin's, Defendants ask the Court to certify the following question as to Ms. Martinez:

> Where a tortfeasor's auto liability insurance limits are less than an injured driver's UM/UIM limits such that the tortfeasor is "underinsured" under N.M.S.A. § 66-5-301(B), and when the insurer subtracts the tortfeasor's liability limits from the insured's UM/UIM limits pursuant to *Schmick v. State Farm Mut. Auto. Ins. Co.*, 704 P. 2d 1092 (N.M. 1985) and pays the difference, is the amount subtracted "illusory" UIM coverage?

[*Id.*]. Plaintiffs oppose certification of both questions, asserting that Ms. Martin's facts mirror those of Mr. Crutcher's case, and that Defendants' second question "is unnecessary and would be duplicative because Martinez purchased UIM coverage on three vehicles, each at minimum limits[.]" [Doc. 24, p. 31].

In their response to Plaintiffs' Motion to Stay, Defendants apparently agree that at least part of this case should be stayed - Ms. Martin's - because "there may be some overlap between the minimum UM/UIM limits question certified in *Crutcher* and Progressive's first proposed question here as to Ms. Martin's minimum UM/UIM limits claim[.]" [*See* Doc. 20, p. 2]. However, Defendants argue that Ms. Martinez' factual situation differs from Ms. Martin's, thereby rendering a second certified question necessary. [*See* Doc. 20, p. 3]. In reply, Plaintiffs argue that Ms. Martinez' coverage was essentially the same as Ms. Martin's, just stacked – not the "above-mminimum-limits" coverage that Defendants make it out to be. [*See* Doc. 26, p. 2]. Thus, Plaintiffs ask the Court to "grant Plaintiffs' motion to stay and deny Defendants' attempt to take a second bite at the apple because the question certified in *Crutcher* will eventually lead to the same instructive answer in the case at bar because it addresses the same factual scenario." [*Id.*, p. 5].

## II) LEGAL STANDARDS

"A federal district court considering an unsettled question of state law has the option of determining what a state court would decide or certifying the question to the state appellate court."

*Malott v. New Mexico Educ. Ret. Bd.*, CV 12-1146 MV/WPL, 2014 WL 12798352, at *4 (D.N.M. Jan. 27, 2014). "The decision to certify rests in the sound discretion of the federal district court." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). "Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Id.* However, "[u]nder our own federal jurisprudence, we will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (citations omitted). Thus, certification should only be employed where the question "(1) may be determinative of the case at hand and (2) is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." *Id.*

A federal district court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("We review a district court's decision to grant or deny a motion to stay proceedings for abuse of discretion.") (citations omitted). This Court's discretion to enter a stay is "well settled," and the Court may stay a case for a litany of reasons, including securing the interests of "economy of time and effort for itself, for counsel, and for [the] litigants." *Baca*, 806 F.3d at 1269-1270 (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). Still, "[w]hen applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts*, 563 F.3d at 1080 (citations omitted).

### III)    ANALYSIS

Applying the above principles, the Court finds that resolution of the certified question in *Crutcher* may determine liability as to the putative class in this case. This is especially true as to Ms. Martin's claims, which are factually analogous to those asserted in *Crutcher*. As such, the Court finds no need to also certify Defendants' first proposed question to the New Mexico Supreme Court.

Likewise, the Court finds that there is no need to certify Defendants' proposed second question, which may resolve the question of liability for Ms. Martinez' claims. While Defendants disagree, the Court finds that Ms. Martinez' stacked policies are factually analogous to Ms. Martin's one policy because both policies purported to insure the applicable vehicles for $25,000.00 per person, $50,0000.00 per accident. That Ms. Martinez had three vehicles insured for this amount changes nothing. As Defendants admit in their Motion to Dismiss, "[t]he numbers are different, but the methodology [they applied to deny the first $25,000.00 in coverage] is the same." [Doc. 19, p. 3]. The Court finds persuasive Chief Judge Johnson's decision to deny certification of additional questions in *Schwartz*, insofar as "[t]his Court is readily able, once the New Mexico Supreme Court answers the certified question, to apply the settled law to this case and determine whether Defendant's underinsured motorist coverage provides value or is illusory." CV 18-0328 WJ/SCY, Doc. 55, p. 6. As the Chief Judge said, "[t]he Court need not certify every factual variation to the New Mexico Supreme Court." *Id.* Likewise, as the Chief Judge pointed out, the parties here have not submitted stipulated facts as required by Rule 12-607(c)(3) NMRA.

For similar reasons, the Court deems it prudent to enter a stay in this case and to deny Defendants' Motion to Dismiss without prejudice. An answer to the certified question in *Crutcher* may resolve substantial issues in this case, issues of unsettled New Mexico law. Rather than

making an *Erie* guess, the Court deems it prudent to await the New Mexico Supreme Court's resolution of the certified question in *Crutcher*, and to rule upon Defendants' Motion if necessary once the issue of Defendants' liability is clarified.

**IV) CONCLUSION**

Defendants have failed to demonstrate that their proposed certified questions are necessary to the resolution of this case. The Court presumes that, once the certified question in *Crutcher* is answered, there will be "a reasonably clear and principled course" which the Court can follow to fully resolve both Plaintiffs' claims here. Therefore, the Court **denies** Defendants' request to certify their questions to the New Mexico Supreme Court. And, because the *Crutcher* question may resolve or at least clarify the issues in this case, the Court deems it necessary to stay this case pending resolution of the certified question. Plaintiffs' request to stay the case is, accordingly, **granted**. Finally, Defendants' Motion to Dismiss is **denied** without prejudice until such time as the New Mexico Supreme Court answers the certified question in *Crutcher*.

SO ORDERED.

_____
Jerry H. Ritter, U.S. Magistrate Judge
*Presiding by Consent of the Parties*