IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE MARTINEZ and ERIN MARTIN,
individually and on behalf of other similarly situated individuals,

Plaintiffs,

v.   No. 1:19-cv-00004-JHR-SCY

PROGRESSIVE PREFERRED INSURANCE COMPANY,
PROGRESSIVE CLASSIC INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE DIRECT INSURANCE COMPANY,
PROGRESSIVE ADVANCED INSURANCE COMPANY,
PROGRESSIVE SPECIALTY INSURANCE COMPANY and
PROGRESSIVE NORTHERN INSURANCE COMPANY,

Defendants.

## FINAL STIPULATED ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE

The Court preliminarily approved the Class Settlement in this case on March 13, 2023. Since that time, the Parties have completed the Notice process and now seek final approval of the Settlement Agreement ("Agreement"). Through this Motion For Final Approval of Class Settlement and a separately filed Motion for Fees and Costs, they seek, among other things, that the Court: (1) grant final certification of the settlement Class; (2) approve the Agreement as fair, reasonable, and adequate; (3) rule that the Notice process was reasonable and the best practicable under the circumstances; and (4) grant Plaintiff's unopposed request for attorneys' fees, , and the Class Representative awards. A hearing was held on the Motions on August 2, 2023. For the reasons stated below, the Motions are granted.

On August 2, 2023, the matter of the Court's final approval of the Agreement submitted on January 27, 2023 by the Unopposed Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came

before the Court for consideration. Appearing on behalf of Plaintiff and the Settlement Class were Kedar Bhasker, LAW OFFICE OF KEDAR BHASKER, LLC, 2741 Indian School Rd. NE, Albuquerque, NM, Corbin Hildebrandt, CORBIN HILDEBRANDT, P.C., 2741 Indian School Rd. NE, Albuquerque, NM 87106, and Geoffrey Romero, LAW OFFICE OF GEOFFREY ROMERO, 4801 All Saints Rd., Albuquerque, NM 87120 ("Class Counsel"). Appearing on behalf of Defendants were Casie D. Collignon, BAKER & HOSTETLER LLP., 1801 California St. Suite 4000, Denver, CO 80202.

WHEREAS, the Named Plaintiffs, Diana Martinez and Erin Martin, on behalf of themselves and the proposed Settlement Class, and Defendants, ,individually and on behalf of all affiliated entities, including, but not limited to, Progressive Preferred Insurance Company, Progressive Classic Insurance Company, Progressive Casualty Insurance Company, Progressive Max Insurance Company, Progressive Specialty Insurance Company and Northern Insurance Company (collectively, "Progressive" or "Defendant," as defined in the Agreement), have executed and filed the Agreement with the Court on January 27, 2023; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on March 13, 2023, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Diana Martinez and Erin Martin, were approved in the Preliminary Approval Order as the Class Representatives; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on August 2, 2023, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Progressive and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a Final Settlement Hearing was held on August 2, 2023, at which all interested persons were given an opportunity to be heard, and all objections to the settlement, if any, were duly considered.

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1.  The Complaint filed in this Action alleges generally that Defendants sold "illusory" or misleading uninsured/underinsured motorists bodily injury ("UIM") coverage in New Mexico automobile insurance policies (the "Policies") by failing to explain the effect of an offset against UIM coverage of the tortfeasor's liability coverage pursuant to *Schmick v. State Farm Mutual Automobile Insurance Company*, 1985-NMSC-073, 103 N.M. 216, 704 P.2d 1092.  Pursuant to Federal Rule of Civil Procedure 23, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of the Settlement Class, defined as:

> All Persons (and their heirs, executors, administrators, successors and assigns) who, during the Class Period, were insured under New Mexico automobile insurance policies issued by Defendants which included UIM coverage.  Excluded from the Class are:  all present or former officers and/or directors of Progressive, Class

Counsel and their resident relatives, the Judge in the Action and her resident relatives, and Defendants's counsel of record in the Action and their resident relatives.

2. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

3. For purposes of Settlement only, the Named Plaintiffs possess standing and the proposed Settlement Class is adequately defined and ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, it is not overbroad.

4. For purposes of Settlement only, the Class is sufficiently numerous, there are questions of law and fact common to the Settlement Class (including whether Defendant's UIM coverage was illusory or misleading) and Plaintiffs' claims are typical of the Settlement Class. In addition, both Plaintiffs and Class Counsel are adequate representatives of the Settlement Class and have fairly and adequately protected and will continue to protect the interests of the Settlement Class. Thus, the requirements to certify a class prescribed by Fed. R. Civ. P. 23(a) are satisfied as to the Settlement Class for purposes of settlement.

5. For purposes of Settlement only, the Settlement Class is certifiable under Rule 23(b)(3) because common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue.

6. The Named Plaintiffs and Defendants have entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Defendants on behalf of the Named Plaintiffs and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the

Settlement and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

7. In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court. Defendants' counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

8. The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

9. The Named Plaintiff and Defendants have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on August 2, 2023, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

10. The Court hereby finds that final approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

11. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

12. The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiffs, the Settlement Class Members, Defendants, and the Released Persons. Venue is proper in this Court.

13. This Order incorporates and makes a part hereof: (a) the Settlement Agreement, dated January 27, 2023 ("Agreement"), including the definitions in the Agreement, (b) the Notices attached as Exhibits thereto, respectively, and (c) the Court's March 13, 2023 Order Preliminarily Approving Settlement, Approving Notice to Settlement Class Members, and Setting Date for Final Approval Hearing.

14. Four Settlement Class Members filed timely and valid requests for exclusion. All other Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases. There were no objections to the Settlement.

15. All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Named Plaintiffs and are in compliance with due process and federal and New Mexico law, and all provisions and terms of the Settlement are hereby finally approved in all respects.

16. The Court finds that the dissemination of Notice to the Settlement Class Members (a) was implemented in accordance with the Preliminary Approval Order, (b) constituted the best notice practicable under the circumstances, (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion for a fee award and costs and

for incentive awards to the Class Representatives; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for a fees award and costs and incentive awards to Class Representatives; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

17. All claims in this Action, as well as the Action itself, are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

18. As of the Effective Date, by operation of the entry of the Final Judgment, the Releasing Parties shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Releasing Parties may have against all the Released Persons. Plaintiffs and Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims against any of the Released Parties.

19. The releases, including Released Claims, Released Persons, and Releasing Parties, as set forth in Paragraph 12 of the Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this

Order, without further action by anyone, upon the Effective Date of the Settlement, as provided in the Agreement, that Plaintiffs and each and every member of the Settlement Class shall have released the Released Claims against the Released Persons. Notwithstanding the foregoing, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Agreement or this Order.

20. The fact of the Settlement, the Agreement, the Settlement, and this Final Judgment do not constitute admissions of liability, wrongdoing, or fault by Defendants, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendants, or an admission of the appropriateness of class certification for trial or dispositive motion practice. Nothing related to the Settlement or Agreement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendants or any of the Released Persons in any proceeding. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Agreement or the Final Judgment or otherwise with the written consent of Defendants at its sole discretion; however, Defendants may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Agreement.

21. Only to the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any Opt Out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms shall not (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

22. The Court has considered the request for a Class Representative awards, and hereby approves and awards the Named Plaintiffs an amount of $ 10,000.00, each to be paid by Defendants.

23. The Court has considered Class Counsel's request for an Attorneys' Fees award for the prosecution of this action, and hereby makes an Attorneys' Fees and costs award in the amount of $ 2,500,000.00, including state gross receipt tax, to be paid by Defendants.

24. This Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Defendants on the one hand, and the Named Plaintiffs, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

25. If the Settlement is terminated as provided in the Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and

be of no further force and effect, except as otherwise provided by the Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Agreement.

26. The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

27. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Final Judgment, the Agreement and the Settlement;

B. Implementation of this Settlement and any distributions pursuant to the Agreement;

C. The Action, until the Effective Date;

B. Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DATED:  August 3, 2023

**JERRY H. RITTER**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**